# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHEON MARQUISE BURTON,<br><br>                        Petitioner,<br>   vs.<br>D. PARAMO, Warden, and KAMALA HARRIS, Attorney General of the State of California,<br><br>                      Respondents. | CASE NO. 13cv1459-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 13) issued by United States Magistrate Judge Mitchell D. Dembin, recommending that this Court deny Petitioner Raysheon Marquise Burton's Petition for Writ of Habeas Corpus (ECF No. 1).

**I.     Background**

On April 30, 2009, a jury in San Diego County Superior Court convicted Petitioner of first degree murder and attempted murder. The trial court sentenced Petitioner to an aggregate sentence of life plus a term of 75 years to life in state prison. On January 13, 2012, the California Court of Appeal affirmed Petitioner's conviction in a written opinion, and on March 28, 2012, the California Supreme Court summarily denied Petitioner's petition for review. (Lodgment Nos. 6, 8).

On June 24, 2013, Petitioner, proceeding pro se, filed a Petition for Writ of

Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). Petitioner asserts the following ground for relief: "Whether evidence of co-defendant's comments to the police denigrating [Petitioner]'s mental acuity should have been admitted as relevant non-hearsay evidence of consciousness of guilt because it corroborated [Petitioner]'s trial theory that co-defendant rather than [Petitioner] was the actual shooter." *Id*. at 7.

On September 4, 2013, Respondent filed an Answer to the Petition. (ECF No. 7). On November 15, 2013, Petitioner filed a Traverse. (ECF No. 12).

On April 21, 2014, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety. (ECF No. 13). The Report and Recommendation concludes: "IT IS HEREBY ORDERED that any written objection to this REPORT must be filed with the Court and served on all parties no later than May 13, 2014.... The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order." *Id*. at 18 (citing *Turner v. Duncan*, 158 F.3d 1998 (9th Cir. 1998)).

The docket reflects that neither party filed objections to the Report and Recommendation.

## II.   Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). The Magistrate Judge correctly determined that the Petition should be denied. The Court adopts the Report and Recommendation in its entirety.

**III. Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reason would not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 13). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is DENIED. The Clerk of the Court shall close this case.

DATED: July 30, 2014

**WILLIAM Q. HAYES**
United States District Judge